```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
     v.                         :
                                :
DAVID HALL                      :       NO. 06-02
```

MEMORANDUM

Bartle, J.                                      November 19, 2020

The Court has before it the motion of defendant David Hall for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

I

On July 31, 2006, a jury convicted defendant of conspiracy to possess with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and possession with intent to distribute 500 grams or more of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a).  On December 18, 2006, this court sentenced defendant to 280 months imprisonment to be followed by eight years of supervised release.  Defendant is currently serving his sentence at the Federal Correctional Institution in Mendota, California ("FCI Mendota") with an estimated release date of December 20, 2026.

II

Defendant's motion for reduction of sentence relies on section 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>    (A)  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>        (i)  extraordinary and compelling reasons warrant such a reduction
>            . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in sentence.  It provides that a court may order compassionate

release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that compassionate release should be granted because he suffers from "an elevated creatinine level indicating the early stages of chronic kidney disease, hypertension, self-reported history of asthma, hyperlipidemia, and hyperthyroidism."  He maintains that his "serious underlying health concerns," combined with the coronavirus pandemic, presents extraordinary and compelling reasons for a reduction of his current sentence.  In support of his motion, defendant also avers that he:  has served over fourteen years of his 23-year sentence; will not be a danger to the community; and will have a stable home in Philadelphia with his family upon release.  With respect to the pandemic, defendant provides information about the potential dangers to those in prison facilities who cannot engage in the social distancing or take other salutary measures necessary to mitigate the spread of coronavirus and the current rates of infection and testing in federal prisons.  He requests an order reducing his sentence to time served.

The Government opposes defendant's motion.  It disputes defendant's characterization that his medical conditions are as serious as he claims.  It asserts that defendant's medical conditions "are well controlled and do not appear to place him at enhanced risk during the current pandemic."  According to the Government, "it is apparent that,

but for the COVID-19 pandemic, [defendant] would present no basis for compassionate release." It further asserts that defendant does not "present any impediment to his ability to provide self-care in the institution" and, that he is "fully ambulatory and engages in all normal activities of daily living." It also maintains that, if released, defendant presents a danger to the community.

According to Bureau of Prisons health records, defendant is 52 years old and has been diagnosed with hypertension, for which he has been prescribed 10 mg of Lisinopril daily. Defendant also suffers from elevated creatine levels, for which he has been prescribed an ace inhibitor. He has not been diagnosed with chronic kidney disease and his most recent urine test in July 2020 did not indicate any symptoms of kidney disease. Defendant also informed the Bureau of Prisons health services in July 2020 that he was having difficulty with asthma and requested an inhaler. The medical examiner completed necessary breathing tests and determined that an inhaler was not warranted. There is also no evidence that defendant ever sought or received treatment while incarcerated for any asthmatic episode. He has been taking and has access to his prescribed medications as needed.

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious

coronavirus poses for the defendant and all others in prison. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  The Bureau of Prisons, including FCI Mendota, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.

Based on the current record, defendant has not established that his elevated creatinine level, hypertension, asthma, hyperlipidemia, and hyperthyroidism constitute serious medical conditions as defined in the Sentencing Guidelines.  The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here.  Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to:  "reflect the nature and circumstances of the

offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that "he is a much different man then the 38-year-old man who was before this Court" and "has already served a sentence sufficient to satisfy the purposes of sentencing." He asserts that he has not had any disciplinary problems in more than two years and before that, his disciplinary record has been minimal. While incarcerated, he has also completed numerous programs for "a productive post-prison life," including drug treatment. If granted release, defendant will live with his mother in Philadelphia and his "family is prepared to support him."

While the court accepts defendant's representation that he has stayed out of trouble in prison and may have family support, these factors alone do not allow for his release. Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. In any event, his rehabilitation and family circumstances does not outweigh other § 3553(a) factors which support the need for him to serve the sentence imposed.

The Court cannot ignore the seriousness of defendant's criminal history. As noted before, defendant was found guilty

of conspiracy and possession with intent to distribute cocaine near a school.  Defendant's arrest stemmed from his involvement in a drug distribution organization that he operated near a public housing project in North Philadelphia.  When arrested, defendant had three kilograms of cocaine in the backseat of his car and his co-conspirator carried a loaded semiautomatic weapon.  Defendant's Presentence Investigation Report further details a history of criminal activity, including drug distribution and violent crimes.  He was a career offender under the sentencing guidelines.  His crimes are of a serious nature and underscore the danger defendant poses to the community.  Defendant has not provided any evidence to suggest otherwise.

While defendant has served over 170 months of his sentence thus far for his crimes, there is still a substantial amount of time remaining in his 280-month sentence.  Releasing defendant now would cut his current sentence by approximately one-third and would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See § 3553(a).

The Court, taking all the relevant facts into account, finds that defendant David Hall has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court

8

will deny the motion of defendant for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).